UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff, | )<br>)<br>) | Case No. 3:15-cr-00182 |
| v. | )<br>) | The Honorable Todd J. Campbell<br>U.S. District Court Judge |
| JERRY CHRISTOPHER BOSTICK,<br>    Defendant. | )<br>) | |

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Comes the defendant, by and through counsel Edward Yarbrough and Alex Little, and respectfully moves, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution and Rules 7(c), 12(b)(2), 12(b)(3)(B)(v), and 47 of the Federal Rules of Criminal Procedure, to dismiss the indictment against Mr. Bostick. In support of this motion, the defendant relies on the arguments, cases, and authorities cited in this filing, as well as any arguments or authorities raised at any subsequent hearing on the motion. The defendant submits that the motion should be granted, and the indictment dismissed, for the following reasons:

## SUMMARY OF ARGUMENT

In early November 2012, officers seized two guns from the home of the defendant, Mr. Bostick, upon the mistaken belief that he was a felon. Nearly three years later, a week before the statute of limitations was to run, the United States sought and received an indictment from the grand jury related to the possession of those guns. The indictment contains a single count, which charges a violation of 26 U.S.C. § 5861(d)—that is, unlawful possession of a firearm which is not registered to him in the National Firearms Registration and Transfer Record. The indictment, however, is constitutionally deficient because it fails to allege *each* and *every* element of this crime and, thus, violates Mr. Bostick's right to indictment by a Grand Jury.

1

The present indictment must be dismissed because it fails to allege all of the elements of the crime as enumerated by the Supreme Court in *Staples v. United States*, 511 U.S. 600 (1994). Specifically, the indictment lacks any allegation or factual assertion (i) that the firearms had specific characteristics that required them to be registered; and (ii) that Mr. Bostick *knew* the firearms to have these characteristics. Without such facts, there is no crime; it is therefore necessary to allege them in the indictment to demonstrate that the Grand Jury found probable cause that Mr. Bostick committed a crime within the jurisdiction of this Court. Because the indictment does not demonstrate that the Grand Jury made such a determination, he is not eligible for prosecution, and any trial on this indictment would violate his Fifth Amendment rights.

## APPLICABLE LEGAL PRINCIPLES

### A. *Rule 12*

Rule 12 of the Federal Rules of Criminal Procedure authorizes a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12 (b)(1). "A motion that the court lacks jurisdiction may be made at any time while the case is pending." Rule 12 (b)(2). This Court lacks jurisdiction when an indictment fails to sufficiently allege a federal crime, as this indictment fails to do.

### B. *Rule 7*

Rule 7(c) of the Federal Rules of Criminal Procedure provides, in part, that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential *facts* constituting the offense charged . . . ." Fed. R. Crim. P. 7(c) (emphasis added). In addition, "[f]or each count, the indictment . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.* The

2

wording of Rule 7 imposes "two requirements[: ]the statement of the essential facts *and* the citation of the statute. They are separate requirements and not a restatement of one another." *United States v. Gonzalez*, 686 F.3d 122, 128 (2d Cir. 2012). As a result, "a deficiency in an indictment's factual allegations of the elements of an offense is not cured by the fact that the relevant count cited the statute that [the defendant] is alleged to have violated." *Id.* (citations omitted) (reversing mandatory minimum drug sentence where indictment failed to specify drug quantity in written statement despite citation to statute).

### C. The Fifth and Sixth Amendments

In addition to Rule 7's requirements, because an indictment accuses a citizen of a felony offense, it invokes fundamental Constitutional protections, including the accused's (1) Fifth Amendment rights to: (a) be prosecuted by grand jury indictment and (b) be free from double jeopardy; and (2) Sixth Amendment right to be informed of the nature of the accusation against him so that he can present a defense.

As a general rule, to satisfy the minimum of these protections, each element of a charged crime must be set forth in an indictment. *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Supreme Court has explained that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* Although the indictment may "set forth the offense in the words of the statute itself," such a recitation of the statutory language is only sufficient when "'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth *all the elements* necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882) (emphasis added)). *See United States v. Superior Growers*

3

*Supply, Inc.*, 982 F.2d 173, 176 (6th Cir.1992) ("An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states *all the elements of the offense*.") (emphasis added).

This requirement derives from the Constitution. Specifically, with respect to the Fifth Amendment, the right to indictment by a grand jury was intended "to secure the liberty of citizens against arbitrary encroachment by the government." *In re Russo*, 53 F.R.D. 564, 569 (C.D. Cal. 1971). Historically, the common law function of the grand jury was to stand between the prosecutor and the accused. *See Hail v. Henkel*, 201 U.S. 43, 59 (1906) (overruled on other grounds). And, because the grand jury was incorporated into the Fifth Amendment by the Founders, "there is every reason to believe that our constitutional grand jury was intended to operate substantially like its English progenitor." *Costello v. United States*, 350 U.S. 359, 362 (1956). The Fifth Amendment thus guarantees that a citizen has the right not to face a prosecution initiated solely at a prosecutor's behest. *United States v. Robinson*, 367 F.3d 278, 287 (5th Cir. 2004). Accordingly, when a prosecutor fails to persuade a grand jury to make essential factual findings regarding *each and every element* of a charged offense, a count alleging that offense is fatally defective, and proceeding with prosecution violates the defendant's Fifth Amendment rights. *See, e.g.*, *Carll*, 105 U.S. at 613.

There is also a Sixth Amendment component to these requirements. That is, pursuant to the Sixth Amendment, the Constitution demands that a person accused of a crime "be informed of the nature and cause of the accusation . . . ." *Russell v. United States*, 369 U.S. 749, 760-61 (1962). In *Russell*, the Supreme Court held that an indictment is sufficient only if it "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet.'" *Id.* at 763-64 (citations omitted). "The failure of an indictment to

4

detail *each element* of the charged offense generally constitutes a fatal defect." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) (failure to allege elements results in reversal of conviction) (emphasis added).

Thus, a criminal indictment performs two functions of utmost importance: (i) protecting a citizen from being charged with the commission of a felony without the protection of an independent and knowledgeable grand jury review of each element of the crime, and (ii) providing a defendant with specific notice of the crime that will proceed to trial. Accordingly, the Supreme Court has emphasized that the performance of this function is not to be compromised. *Russell*, 369 U.S. at 763.

If indictments that did not specifically allege wrongdoing were permitted, "a defendant could be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him." *Russell*, 369 U.S. at 770. "To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979).

As a result, the Supreme Court has held for more than a century that "the general, and with few exceptions, . . . the universal, rule, on this subject, is that all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective. *No essential element of the crime can be omitted without destroying the whole pleading*. The omission cannot be supplied by intendment or implication, and the charge must be made directly, and not inferentially, or by way of recital." *See United States v. Hess*, 124 U.S.

5

483, 486 (1888). And an indictment's failure to sufficiently allege "the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment*." United States v. Omer*, 395 F.3d 1087, 1089 (9th Cir. 2005) (per curiam) (holding that no showing of prejudice is required), *cert. denied*, 549 U.S. 1174 (2007).

In summary, the Fifth Amendment guarantee to an indictment only by a grand jury requires a prosecutor to persuade the Grand Jury to issue a written finding of at least one essential fact (which goes beyond a conclusory statement that the element exists) to support a finding of probable cause to believe that the prosecutor can prove *each element* of the charged offense. And the Sixth Amendment amplifies this right by requiring, for purposes of due process, the indictment to sufficiently allege the crime in a manner enabling the defendant to defend against it at trial.

### D. *The Elements of Illegal Possession of a Firearm That Requires Registration*

The present indictment alleges only one offense: possession of an unregistered firearm, pursuant to the Internal Revenue Code, specifically 26 U.S.C. § 5861(d). Although the Sixth Circuit does not have a pattern jury instruction for the statute, many other circuits do, and the Eighth Circuit's pattern is consistent with these. It defines the crime as follows:

> The crime of possession of an unregistered firearm, as charged in . . . the Indictment, has four elements, which are:
>
> *One*, the defendant knew he had the firearm in his possession;
>
> *Two*, the defendant knew the firearm was [use definitions from 26 U.S.C. § 5845(a), e.g., a shotgun having a barrel or barrels less than 18 inches in length, etc.];
>
> *Three*, the firearm [was capable of operating as designed] [could readily be put in operating condition]; and
>
> *Four*, the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

6

Judicial Committee on Model Jury Instructions for the Eighth Circuit, *Eighth Circuit Manual of Model Criminal Jury Instructions* § 6.26.5861 (2013), *available at* http://www.juryinstructions.ca8.uscourts.gov/crim_packet_2013.pdf. This instruction nearly mirrors that of the Third Circuit, which defines the elements as follows:

> Count ___ of the indictment charges [the Defendant] with possession of an unregistered firearm, namely (describe the firearm; e.g., a shotgun having a barrel of less than 18 inches in length), which is a violation of federal law.
>
> In order to find (name) guilty of the offense charged in the indictment, you must find that the government proved each of the following four [sic] elements beyond a reasonable doubt.
>
> *First*: That (name) knowingly possessed a firearm;
>
> *Second*: That this firearm was a (describe the firearm; e.g., a shotgun having a barrel of less than 18 inches in length);
>
> *Third*: That (name) knew of the characteristics of the firearm, (that is, that it was (describe the firearm; e.g., a shotgun having a barrel of less than 18 inches in length));
>
> *Fourth*: That this firearm was (could readily have been put) in operating condition; and
>
> *Fifth*: That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether (name) knew that the firearm was not registered or had to be registered.

Third Circuit Model Criminal Jury Instructions, ch. 6.26.5861, *available at* http://www.ca3.uscourts.gov/model-criminal-jury-table-contents-and-instructions.

As these instructions demonstrate, one of the essential elements of the crime (the second element in the Eight Circuit pattern instruction, and the third element in the Third Circuit pattern instruction) concerns the defendant's *mens rea*. Although not expressed on the face of the statute, the Supreme Court found such an element to be implied in *Staples v. United States*, 511 U.S. 600 (1994). There, the Court held that a conviction under § 5861(d) required the government to prove that the defendant knew that the item in his possession had certain characteristics that brought it

7

within the scope of statute. *Staples*, 511 U.S. at 619. Specifically, the question in *Staples* (which might be directly applicable here)[1] was whether the defendant knew the firearm he possessed was capable of automatic firing. In concluding that such knowledge was necessary, the Court rejected "the Government's view [that] any person who has purchased what he believes to be a semiautomatic rifle or handgun, or who simply has inherited a gun from a relative and left it untouched in an attic or basement, can be subject to imprisonment, despite absolute ignorance of the gun's firing capabilities, if the gun turns out to be an automatic." *Id.* at 615. As a result, the government cannot establish a violation of § 5861(d) unless and until it proves that the defendant knew, *inter alia*, that the firearm at issue was capable of firing automatically.

Nor is this a disputed issue. More than twenty years ago, on June 3, 1996, the Acting Assistant Attorney General issued a memorandum on the "Application of *Staples v. United States*," which instructed federal prosecutors to seek a jury instruction in such cases that explicitly required proof of this aspect of the defendant's mental state. *See* 1432. DEPARTMENT MEMORANDUM—APPLICATION OF STAPLES V. UNITED STATES (June 3, 1996), *available at* https://www.justice.gov/usam/criminal-resource-manual-1432-department-memorandum-application-staples-v-us. There, the Department of Justice recommended the following instruction as to this essential element of the crime:

> In order to convict the defendant of a violation of the National Firearms Act, the government must prove beyond a reasonable doubt that the defendant had knowledge of the characteristics of the weapon that brought it within the definition of a firearm under that Act. Thus, in this case, the government must prove beyond a reasonable doubt that the defendant [knew the firearm was designed [or modified] to fire automatically] [knew he possessed a shotgun with a barrel length shorter than 18 inches or with an overall length less than 26 inches] [knew he possessed a silencer] [knew he possessed a grenade]. Such knowledge can be established through circumstantial evidence.

---

[1] As further discussed below, the indictment fails to specify the characteristics of the two firearms that brings them within the scope of the registration regime. Its reference to a "sub-machinegun," which is not a defined term in the statute, likely was meant to imply an automatic firing capability, but this is not clear.

8

*Id.* As this instruction demonstrates, there is no violation of § 5861 without proof that the defendant knew one of the four categories of characteristics that made his unregistered possession unlawful.

ARGUMENT

Here, the indictment is fatally defective because the government has failed to persuade the Grand Jury to find probable cause as to all elements of the offense charged. Whether by misinforming or negligently failing to inform the Grand Jury (it matters not which) about the elements of the offense, the government has succeeded in persuading the Grand Jury to issue a True Bill which fails to state a federal offense.

The indictment here was insufficient because it was silent as to (i) the specific characteristic, pursuant to § 5845(a), which required the firearm to be registered, and (ii) Mr. Bostick's knowledge that the guns had such a characteristic. Thus, even assuming that the indictment identified what qualities made the firearms liable for registration (and it does not), it certainly does not allege that Mr. Bostick had knowledge of these qualities. As such, the indictment fails to state an offense and must be dismissed.

As a preliminary matter, the indictment describes both the model M3 and the MP-40 as "sub-machinegun[s]." But this term is not defined in the statute. On the contrary, Chapter 53 of Title 26 contains the following definition of a "firearm" that must be registered:

> The term "firearm" means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in section 921 of Title 18, United States Code); and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its

9

> manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

26 U.S.C. § 5845(a). The term "machinegun" in (a)(6) is further defined as

> any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b). As the text of indictment makes clear, none of these characteristics are alleged, nor is it reasonable to assume that "sub-machinegun" means "machinegun" any more than "semi-automatic" means "automatic." The latter terms, of course, are not synonymous. *See, e.g.*, *Staples*, 511 U.S. at 615 (distinguishing between a legal "semi-automatic" weapon and an illegal "fully automatic" one). In any event, the indictment fails to allege with any specificity that the weapons in question qualify for registration under the statute. This is perhaps best seen by comparison to the pattern jury instructions, which require the government to identify with specificity the characteristics of the firearm that bring it within the statute's scope.

Even if this were not true (and even if the indictment properly alleged that the two firearms qualified for registration because, *inter alia*, they were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger) the indictment is silent as to Mr. Bostick's knowledge of this characteristic.

As presented to the grand jury, the indictment merely asserted that Mr. Bostick "knowingly possessed firearms." It says nothing about an essential element of the offense—that Mr. Bostick had knowledge that the firearms at issue had a characteristic that brought them within the scope of the statute. In fact, the present indictment mirrors the government's contention in *Staples* that mere knowing possession (as opposed to knowledge of certain illegal

10

characteristics) is sufficient to make out a crime. But *Staples* rejected this view completely, holding that knowledge of possession *and* knowledge of characteristics that compelled registration were required for conviction. *Staples*, 511 U.S. at 621. ("The question before us is not whether knowledge of possession is required, but what level of knowledge suffices: (1) knowledge simply of possession of the object; (2) knowledge, in addition, that the object is a dangerous weapon; (3) knowledge, beyond dangerousness, of the characteristics that render the object subject to regulation, for example, awareness that the weapon is a machinegun."). Here, the government has alleged in the indictment, and the Grand Jury has only found probable cause, that Mr. Bostick had "knowledge simply of possession of the object." Nowhere does the indictment allege that he had "knowledge, beyond dangerousness, of the characteristics that render[ed] the object subject to regulation."

Nor is this a mere technicality. Rather, "despite the overlay of legal restrictions on gun ownership," the Court in *Staples* "question[ed] whether regulations on guns are sufficiently intrusive that they impinge upon the common experience that owning a gun is usually licit and blameless conduct. Roughly 50 percent of American homes contain at least one firearm of some sort, and in the vast majority of States, buying a shotgun or rifle is a simple transaction that would not alert a person to regulation any more than would buying a car." *Staples*, 511 U.S. at 613–14 (footnotes omitted). Similarly, the Court noted that the government did "not dispute the contention that virtually any semiautomatic weapon may be converted, either by internal modification or, in some cases, simply by wear and tear, into a machinegun within the meaning of the Act. Such a gun may give no externally visible indication that it is fully automatic." *Id.* at 615 (citations omitted). Accordingly, proof that the defendant knew that the firearm had such a

11

characteristic was essential to converting an innocent act into an illegal one, subject to up to ten years in prison. *Id.* at 615-17.

The deficiency in the indictment could not be more clear. As noted above, "[t]he failure of an indictment to detail *each element* of the charged offense generally constitutes a fatal defect." *United States v. Keith*, 605 F.2d at 464. And it is plain that the indictment says nothing about whether Mr. Bostick knew anything about the allegedly illegal qualities of the firearms themselves. As a result, the indictment must be dismissed.

## CONCLUSION

WHEREFORE, the defendant respectfully requests that his motion to dismiss the indictment be GRANTED.

Respectfully submitted,

EDWARD M. YARBROUGH
Bone McAllester Norton PLLC

By: _____
J. ALEX LITTLE (TN BPR # 029858)
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Telephone: 615-238-6395
Facsimile: 615-238-6301
Email: alex.little@bonelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2016, a copy of the foregoing *Motion to Dismiss the Indictment* was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: _____
J. ALEX LITTLE
Counsel for Jerry Christopher Bostick